PER CURIAM.
J.A., a minor, appeals the final administrative order of the School Board of Brevard County (the "School Board") expelling him from high school based upon a violation of its Policy 5530.[1] J.A. admitted that he consumed an alcoholic beverage while he was at the home of a friend's grandparents prior to attending a school-sponsored homecoming dance. Although we do not condone his behavior, we are nevertheless compelled to vacate the order of expulsion because J.A.'s actions did not violate this somewhat inartfully drafted policy.
School Board Policy 5530 "prohibits the use, possession, concealment, or distribution of any drug or any drug-related paraphernalia as the term is defined by law, or the misuse of a product containing a substance that can provide an intoxicating or mood-altering effect on school grounds; on school vehicles; and at any school-sponsored event." No evidence was presented at the expulsion hearing that J.A. consumed or possessed alcohol while at the dance, nor, for that matter, did the School Board allege or find that he did. Rather, the School Board explained in its order that it had expelled J.A. because he "admitted to the use and was discovered to have used alcohol in the course of an investigation." What occurred is that other individuals and students at the dance, not associated with J.A., exhibited signs of being under the influence of alcohol. This triggered an investigation at the dance by School Board employees who were there chaperoning. J.A. was one of a number of additional students who were questioned, and it was during this investigation that he admitted to having consumed "one beer" approximately two hours before arriving at the dance.
The School Board candidly acknowledges in its brief that a disclosure or admission by a student of his or her prior use of alcohol, by itself, is not grounds for expulsion. It nevertheless argues that J.A. was properly expelled because "a student is subject to expulsion if he uses alcohol and then attends school or a school sponsored event while displaying symptoms that he used alcohol or is under the influence of alcohol." While this may very well be a legitimate basis for the expulsion of a student, the problem for the School Board in this case is that Policy 5530 does not presently say this. What it does prohibit is the use, possession, concealment, or distribution of drugs, drug paraphernalia or the misuse of an intoxicating product (such as *834 alcohol) on school grounds, on school vehicles, or at a school-sponsored event, which the School Board did not prove by its evidence at the final hearing.
Accordingly, we vacate the decision of the School Board.
FINAL ORDER OF EXPULSION VACATED.
EVANDER, C.J., LAMBERT and EISNAUGLE, JJ., concur.

The final order of expulsion also found that J.A. violated School Board Policy 5500. According to the version of Policy 5500 contained in the record on appeal, that policy provides for the expulsion of any student found to have committed an act of assault, aggravated assault, battery, or aggravated battery on any elected official of the school district, teacher, administrator, or other school district personnel. As the record before us contains no evidence or even a suggestion that J.A. committed any type of assault or battery, we are at a bit of a loss as to why he was found to have violated this policy.